IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Asilbek Hasanov,<br><br>        Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>        Respondents. | No. CV-26-00092-PHX-DJH (JZB)<br><br>**ORDER** |

      Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 4.) It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when U.S. Immigration Customs Enforcement ("ICE") apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. District courts have split on this issue, although Respondents' position is the minority as set forth in *Ben v. Rocha*, CV-25-4238-PHX-DJH (MTM), ECF No. 15 at 2–3 (D. Ariz. Dec. 8, 2025).

      A district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon

arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *9. On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

In addition, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025).

Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the final judgment entered by the Central District of California, Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226.

**IT IS ORDERED**:

1. Counsel for Petitioner must immediately serve the Amended Petition upon Respondents.

2. If not already issued, the Clerk's Office must issue any properly completed summonses.

3. The Clerk of Court must immediately transmit by email a copy of this Order and the Amended Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and

Theo Nickerson at Theo.Nickerson2@usdoj.gov.

4. Respondents must show cause no later than **January 16, 2026,** why the Amended Petition should not be granted based on *Bautista*.

5. Petitioner may file a reply no later than **January 20, 2026**.

Dated this 13th day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge